# UNITED STATES DISTRICT COURT

for the

Eastern District of California

**FILED**

**May 12, 2021**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Search of )<br><br>United States Postal Service Priority Mail )<br>Parcel 9505 5161 5717 1111 5119 48, )<br>addressed to "Jesse Leonard C/O EIN LOUTH )<br>P.O. Box 401 Columbia, CA 95310" ) | Case No.  2:21-sw-0394 DB |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the _____Eastern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized):*

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 843(b), 846 | Distrib. of controlled substances; use of mails for drug trafficking; conspiracy |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

☑ Continued on the attached sheet.

☐ Delayed notice ___30___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Matthew Villareal

*Applicant's signature*

Matthew Villarreal, USPIS TFO

*Printed name and title*

Sworn to me and signed telephonically.

Date: ___05/12/2021___

City and state:  Sacramento, California

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

**Affidavit of United States Postal Inspection Task Force Officer Matthew Villarreal**

I, Matthew Villarreal, being duly sworn, hereby depose and state:

**PURPOSE**

1.  This Affidavit is made in support of a search warrant for the United States Postal Service ("USPS") Priority Mail Parcel 9505 5161 5717 1111 5119 48, which is addressed to "Jesse Leonard C/O EIN LOUTH P.O. Box 401 Columbia, CA 95310" (hereinafter referred to as "**THE PARCEL**").

2.  **THE PARCEL** is in the temporary custody of the United States Postal Inspection Service ("USPIS") and is described more particularly in Attachment A, which is attached hereto and fully incorporated herein.

3.  Based on the information provided in this affidavit, it is my opinion that there is probable cause to believe that **THE PARCEL** contains evidence, fruits, proceeds, or instrumentalities of violations of 21 U.S.C. § 841(a)(1) (distribution, and possession with intent to distribute, a controlled substance), 21 U.S.C. § 843(b) (illegal use of the mails in furtherance of narcotic trafficking), and 21 U.S.C. § 846 (attempt and conspiracy to commit the foregoing offenses). The evidence, fruits, and instrumentalities to be searched for and seized are more fully described in Attachment B, which is attached hereto and incorporated fully herein.

**AGENT BACKGROUND**

4.  I, Matthew Villarreal, have been a full time sworn peace officer with the Yolo County District Attorney's Office since 2016. Currently, I am a Task Force Officer with the USPIS assigned to the Sacramento Domicile, San Francisco Division. I have been a Task Force Officer since January 2020. My current assignment is to investigate the unlawful transportation of contraband, including controlled substances and proceeds of the sale of

controlled substances through the United States Mail.  Through my training, experience, and interaction with other experienced Postal Inspectors, Task Force Officers, and other drug investigators, I have become familiar with the methods employed by drug traffickers to smuggle, safeguard, store, transport, and distribute drugs; to collect and conceal drug-related proceeds; and to communicate with other participants to accomplish such objectives.  I have received specialized training in narcotics investigation matters including, but not limited to, drug interdiction, drug detection, and money laundering techniques and schemes.

5. I have been a police officer in the State of California for the past 13 years.  In 2007, I completed twenty-four weeks of training at California Commission on Peace Officers Standards and Training ("POST") Basic Peace Officer Academy at the Sacramento Regional Public Safety Training Center, Sacramento, California.  During my career, I have received training to include, but not limited to, investigation of theft, drug trafficking, burglaries, robberies, money laundering, and identity theft crimes.  Through my training, experience, and interaction with other experienced Postal Inspectors, Task Force Officers, and other drug trafficking investigators, I have become familiar with the methods employed by drug traffickers to, among other things, use the mail to conduct their illegal operations.

6. I have participated in at least twenty investigations targeting individuals and organizations trafficking heroin, cocaine, marijuana, methamphetamine, and other controlled substances.  During the course of these investigations, I have become familiar with the manner in which drug traffickers use the mail to conduct their illegal operations.

7. Task Force Officers are designated by the Chief Postal Inspector as other agents of the United States Postal Service ("USPS") with the authority to investigate criminal matters related to the Postal Service and the mails pursuant to 18 U.S.C. § 3061, and may exercise the same powers as a Postal Inspector as set forth in 39 C.F.R. § 233.1 and USPS Administrative Support Manual § 2.

8. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This Affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## STATEMENT OF PROBABLE CAUSE

### Parcel Identification

9. On April 22, 2021, members of the Sacramento, California U.S. Postal Inspection Service NECI Task Force conducted electronic profiling and examination of Priority Mail parcels at the USPS Sacramento Domicile in California. During a visual and physical examination of **THE PARCEL**, law enforcement noticed several anomalies that, in their training and experience, are characteristic of parcels containing controlled substances and proceeds of narcotics trafficking.

10. Based on these anomalies, which are described in more detail below, I detained **THE PARCEL** and secured it at the Sacramento Domicile of the United States Postal Inspection Service.

### Shipment Anomalies

11. During an examination of **THE PARCEL**, I noticed anomalies that, based on my training and experience, were characteristic of parcels that contain controlled substances and/or proceeds of narcotics trafficking.

12. For example, based on my training and experience, I am aware that the state of California is a source for illegal narcotics shipments. Furthermore, I am aware that the state of Florida is a destination for illegal narcotics shipments from northern California, and that proceeds from these illegal narcotics shipments are often mailed back to northern California. In this case, **THE PARCEL** was mailed from a USPS facility located in Key

West, Florida to Columbia, California, which is an incorporated city in Tuolumne County, which is located in northern California.

13. **THE PARCEL** was sent by Priority Mail.  Priority Mail parcels are assigned a tracking number that allows the sender, recipient, or anyone else with the tracking number to identify the parcel's location in the mail stream at any point from mailing to delivery.  In my training and experience, parcels containing illegal contraband are often sent by Priority Mail to expedite delivery and to monitor the parcel during shipment via the tracking system.

14. Moreover, USPS records confirmed the shipping transaction for **THE PARCEL** was completed in cash.  Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know persons who traffic narcotics/narcotics proceeds through the U.S. Mail often pay in cash to remain anonymous to law enforcement.

15. A search for the recipient address for **THE PARCEL**—which was listed as "Jesse Leonard C/O EIN LOUTH P.O. Box 401 Columbia, CA 95310""—was conducted, using Thomson Reuters CLEAR, an online public and proprietary records database used by law enforcement and government agencies to verify names and addresses.  The search confirmed that this is a valid address.  A further search for a "Ein Louth" in Columbia, CA, was conducted and did yield results related to the address.

16. On April 28, 2021, I made telephone calls to the phone numbers associated with the addresses listed for both the sender and the recipient of **THE PARCEL**.  I was unable to reach anyone but left voicemails with specific instruction to contact me back regarding **THE PARCEL**.

17. A search for the return address for **THE PARCEL**—which was listed as "AL 63 Barcelona Dr. KW, FL 33040"—was conducted, using Thomson Reuters CLEAR, an online public and proprietary records database used by law enforcement and government

agencies to verify names and addresses. The search confirmed that this is a valid address. A further search for an "AL" in Key West, Florida was conducted. There were no matches related to the address listed.

18. Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know that persons who traffic narcotics and/or proceeds through the US Mail often provide addresses in which they do not reside in order to remain anonymous to law enforcement.

## Additional Investigation

19. On April 29, 2021, at 1351 hours, I used a records search to locate an additional phone number related to the address listed for the sender of **THE PARCEL**. The number was obtained from a customer complaint regarding the location of **THE PARCEL**. I dialed (407) 353-5852 from a landline telephone located inside of the USPIS Sacramento domicile. A male adult answered the phone and confirmed that he knew about **THE PARCEL**. He identified himself as Andy Mendez who lives at the sender address listed on **THE PARCEL**. Mendez confirmed that the contents of **THE PARCEL** should be candy and toys. Mendez stated however that he did not have the contact information for the recipient and only had contact with him via Snapchat. All he knew was that he sent **THE PARCEL** to Ein Louth in California. Mendez stated that he would look for the contact number for the recipient and have the recipient contact us regarding **THE PARCEL**. Mendez then ended the conversation.

20. I called Mendez back at the above listed number multiple times over the period of several days and left voicemails to return my calls. As of this day, I have not yet had any additional contact with either the sender or the recipient regarding **THE PARCEL**.

## Narcotic Detection Canine Sniff

21. On April 28, 2021, USPIS Task Force Officer Moranz used his narcotic-detection trained canine named "Farley" to sniff **THE PARCEL**. At the time, **THE PARCEL** was

located at the USPIS Sacramento Domicile, located in Sacramento, CA.  Task Force
Officer Moranz located a particular area within the facility that would accommodate a
canine sniff search, and he proofed the area to ensure Farley would only alert to the odors
for which he is trained.

22. **THE PARCEL** was then placed among other office equipment and parcels.  Task Force
Officer Moranz accompanied Farley to the general area where the parcel was located.
Farley searched the area without being led or directed.  Farley alerted on **THE PARCEL**
at approximately 1018 hours.

23. TFO Moranz has been a full-time sworn peace officer in the State of California since
1992 and has been employed with the City of Citrus Heights Police Department
("CHPD") as a detective.  TFO Moranz worked for CHPD for over 13 years.  TFO
Moranz is currently assigned to the United States Postal Inspection Service, Narcotics
Enforcement and Criminal Investigations (NECI) Task Force at the Sacramento Domicile
of the San Francisco Division.  Task Force duties involve the investigation of the
unlawful transportation of contraband, including controlled substances and drugs
proceeds, through the United States Mail.

24. On September 1, 2018, TFO Moranz was assigned Farley.  Farley is a Labrador Retriever
selected from a specialty trainer in Lincoln, California.  Farley was born in September
2016.  Farley is a single-purpose working canine, trained in the area of narcotics
detection under the instruction of Greg Tawney, owner/operator of D-Tac K9 Detection
and Tactics, Placerville, California.  Greg Tawney is a retired police sergeant with the
Elk Grove Police Department and has over 15 years of experience with police canines
and is a POST canine Certifier.  Farley and TFO Moranz have no less than 120 hours of
specialized training from D-Tac K9 Detection and Tactics in the detection of marijuana,
cocaine, heroin, and methamphetamine.  Farley and TFO Moranz completed POST
required training and were POST certified by Sutter County Sheriff's Deputy Middleton
on November 21, 2018 as being proficient in the detection of narcotic substances in high,
low, and buried locations.  On November 11, 2020, Farley and TFO Moranz

completed/passed POST required annual certification via D-Tac K9 Detection as being proficient in the detection of narcotic substances from buildings, vehicles, and area searches.  On February 12, 2020, Farley and TFO Moranz completed/passed annual California Narcotics Canine Association ("CNCA") as being proficient in the detection of narcotics substances from buildings and vehicles.  The POST required annual certification and CNCA certification included the detection of cocaine, heroin, methamphetamine, and marijuana.  Training is ongoing for Farley and TFO Moranz. TFO Moranz is a member of the California Narcotics Officers Association, the Western States Police Canine Association, and CNCA.  He has also attended courses, conferences, and practical hands-on canine training with these organizations.

25.  Farley's alert consists of physical and mental reactions, which include heightened emotional state, pawing, or a deliberate sit at the area or object he smells the drug odor coming from.  Farley has successfully completed training exercises where known controlled substances, containers, or paraphernalia were hidden, to include parcels, the interior and exterior of motor vehicles, and storage lockers.  Farley also conducts regular proofing exercises to ensure that he does not alert to regular, non-narcotics-associated odors including, but limited to, food, plastic bags and wrap, tape, and other items. Proofing is a method used in training to ensure the canine alerts only to the odors for which it is trained to alert.  Farley has also been proofed using circulated and non-circulated U.S. currency.  Drug proceeds that have been recently subjected to, or stored with, one of the narcotic substances Farley is trained to detect will be grossly contaminated.  This odor, in residual form (billionths of a gram), is present on everyday circulated currency but not in the amount Farley has been trained to detect.

26. Farley has alerted on U.S. Mail parcels.  These parcels were opened by way of search warrants and consent.  These parcels were found to contain contraband, mainly in the form of U.S. currency/drug proceeds of narcotics trafficking or actual narcotics.  Farley's alerts have cumulatively resulted in the seizure of 61,524 grams of marijuana, 182 grams of cocaine, 41 grams of heroin, 1,450 grams of methamphetamine and $2,665,461 in U.S. currency (drug proceeds).  Additionally, Farley has conducted vehicle and building

searches for the Citrus Heights Police Department resulting in the seizure of 1,457 grams of marijuana and 2,405 grams of methamphetamine.

27. Based on these facts, it is my opinion that based on Farley's alert—along with the anomalies identified above—**THE PARCEL** contains drugs, paraphernalia, and/or currency that has been recently subjected to or stored with one of the narcotics substances Farley is training to detect and is thus contaminated.

**Methods and Means of Using the United States Mail**

28. Based on my experience, training, and discussions with other law enforcement officers experienced in drug investigations, I know that certain indicators exist when persons use the United States Mail to ship controlled substances from one location to another. Indicators for parcels that contain controlled substances and/or proceeds from controlled substances include, but are not limited to, the following:

   a. It is common practice for shippers of the controlled substances to use Priority Mail Express and Priority Mail because the drugs arrive at the destination more quickly and on a predictable date. Priority Mail Express and Priority Mail, when paired with a special service such as delivery confirmation, allow traffickers to monitor the progress of the shipment of controlled substances. Traffickers pay for the benefit of being able to confirm the delivery of the parcel by checking the Postal Service Internet website and/or calling the local post office.

   b. Packages containing controlled substances or proceeds have, in many instances, a fictitious return address, incomplete return address, no return address, a return address that is the same as the addressee address, or a return address that does not match the place from which the parcel was mailed. These packages are also sometimes addressed to or from a commercial mail receiving agency (*e.g.*, Mail Boxes Etc.). A shipper may also mail the parcel containing controlled substances from an area different from the return address on the parcel because: (1) the return address is fictitious or (2) the shipper is attempting to conceal the actual location

from which the parcel was mailed.  These practices are used by narcotics traffickers to hide from law enforcement officials the true identity of the persons shipping and/or receiving the controlled substances or proceeds.

c.  Individuals involved in the trafficking of controlled substances through the United States Mail will send and receive Express or Priority mailings on a more frequent basis than a normal postal customer.  Drug traffickers use Priority Mail Express and Priority Mail at a higher rate due to their frequent exchanges of controlled substances and the proceeds from the sale of these controlled substances.

d.  In order to conceal the distinctive smell of controlled substances from narcotics detection dogs, these packages tend to be wrapped excessively in bubble-pack and wrapping plastic, and are sometimes sealed with the use of tape around all seams.  In addition, the parcels often contain other smaller parcels which are carefully sealed to prevent the escape of odors.  Perfumes, coffee, dryer sheets, tobacco, or other substances with strong odors are also sometimes used to mask the odor of the controlled substances being shipped.  Drug traffickers often use heat/vacuum sealed plastic bags, and/or re-sealed cans in an attempt to prevent the escape of orders.

e.  California is typically a source state for drugs, especially methamphetamine and marijuana.  It is common for individuals in California to mail parcels containing narcotics to other states and then receive mail parcels containing cash payments in return.

29. Based on my training and experience, I know that parcels shipped by drug traffickers sometimes contain information and documentation related to the sales and distribution of controlled substances.  The documentation can include, but is not limited to, information and instructions on the breakdown and distribution of the controlled substances at the destination; information on the use and effects of the various controlled substances;

information about the actual sender; pay/owe sheets; and information and instructions for ordering future controlled substances.

30.  Drug traffickers who use the United States Mail and other carriers as a means of distributing controlled substances, paraphernalia, and proceeds, and as a means of communicating with co-conspirators often include the following in parcels relating to their trafficking activity, all of which are evidence, fruits, proceeds, and/or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846:

   a.  Controlled substances, including heroin, cocaine, methamphetamine, and marijuana.

   b.  Packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

   c.  Records reflecting the mailing or receipt of packages through Priority Mail Express, Priority Mail, Federal Express, UPS or any other common carrier.

   d.  United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including financial records related to the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

   e.  Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

f.  Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

g.  Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.

[NOTHING FOLLOWS ON THIS PAGE]

**CONCLUSION**

32. Based on the facts set forth in this Affidavit, I Matthew Villarreal, believe there is probable cause that evidence, fruits, proceeds, or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846 are concealed in **THE PARCEL**.  Accordingly, I respectfully request the issuance of a search warrant authorizing the search of **THE PARCEL** described in Attachment A and the seizure of the items described in Attachment B.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

/s/ Matthew Villareal
_____
Matthew Villarreal, Task Force Office
United States Postal Inspection Service

Sworn to me and subscribed telephonically on May __12__, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

Approved as to form:

_____
Aaron D. Pennekamp
Assistant U.S. Attorney

12

## ATTACHMENT A

### *Description of the Parcel to be Searched*

One Priority Mail Express parcel measuring approximately 11.25" x 8.75" x 6" and weighing approximately 1713 grams affixed with tracking number 9505 5161 5717 1111 5119 48.  **THE PARCEL** is addressed to "Jesse Leonard C/O EIN LOUTH P.O. Box 401 Columbia, CA 95310".  **THE PARCEL** bears a postage strip in the amount of $15.50 mailed from ZIP Code 33040 on April 21, 2021 located on the upper right corner of **THE PARCEL**.

**THE PARCEL** is currently in my possession in the Eastern District of California.

**ATTACHMENT B**

*List of Items to be Seized*

The following items constitute evidence, fruits, proceeds, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846.

1.      Controlled substances of any kind, including but not limited to heroin, cocaine, methamphetamine, and/or marijuana.

2.      Packing, packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

3.      Any and all records reflecting the sending or receiving of packages through Express Mail, Priority Mail, Federal Express, UPS, or any other common carrier.

4.      United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including any and all financial records to facilitate the investigation of the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

5.      Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

6.      Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings

14

of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

7.   Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of<br><br>United States Postal Service Priority Mail Parcel 9505 5161 5717 1111 5119 48, addressed to "Jesse Leonard C/O EIN LOUTH P.O. Box 401 Columbia, CA 95310" | )<br>)<br>)    Case No.    2:21-sw-0394 DB<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ California _____
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before _____ May 26, 2021 _____ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

☐   Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐   for   30   days *(not to exceed 30)* ☐   until, the facts justifying, the later specific date of _____ .

Date and time issued:      05/12/2021, 12:47pm

City and state:        Sacramento, California

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

| **Certification** |
|---|

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____         _____
Signature of Judge                                                                                    Date

**ATTACHMENT A**

*Description of the Parcel to be Searched*

One Priority Mail Express parcel measuring approximately 11.25" x 8.75" x 6" and weighing approximately 1713 grams affixed with tracking number 9505 5161 5717 1111 5119 48.  **THE PARCEL** is addressed to "Jesse Leonard C/O EIN LOUTH P.O. Box 401 Columbia, CA 95310".  **THE PARCEL** bears a postage strip in the amount of $15.50 mailed from ZIP Code 33040 on April 21, 2021 located on the upper right corner of **THE PARCEL**.

**THE PARCEL** is currently in my possession in the Eastern District of California.

**ATTACHMENT B**

*List of Items to be Seized*

The following items constitute evidence, fruits, proceeds, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846.

1. Controlled substances of any kind, including but not limited to heroin, cocaine, methamphetamine, and/or marijuana.

2. Packing, packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

3. Any and all records reflecting the sending or receiving of packages through Express Mail, Priority Mail, Federal Express, UPS, or any other common carrier.

4. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including any and all financial records to facilitate the investigation of the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

5. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

6. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings

2

of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

7.  Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.